PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 1988 Toyota Truck struck a section of road that had slid while her husband, Tommy *31 Callahan, was traveling on County Route 7, also known as Buffalo Creek Road, in Wayne County. County Route 7 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 5:30 p.m. and 6:00 p.m. on January 4, 2004, a day where there had been some rain. County Route 7 is a two-lane highway at the area of the incident involved in this claim. Mr. Callahan testified that he was driving on County Route 7 when he noticed a sign that read “one-lane” ahead. He stated that he was driving at about fifteen miles per hour. Mr. Callahan drove his vehicle up a slight hill and around a curve when he realized that the road had subsided significantly on his left hand side. He stated that he applied his brakes but was unable to stop in time. His vehicle’s front driver’s side tire went over the edge of road and he was forced to leave his vehicle. Mr. Callahan’s vehicle then went over the side of the road and struck a tree. Claimant’s vehicle sustained damages estimated between $ 1,578.91 and $ 1,631.01. Mr. Callahan stated that he sold the vehicle for salvage for $200.00. He further stated that he had traded a 1989 Jeep Wagoneer for which he had paid $1,200.00 in exchange for the 1988 Toyota Truck. Claimant also incurred a $100.00 towing bill due to this accident.
The position of the respondent is that it had placed warning signs on County Route 7 at the site of the claimant’s accident prior to the date in question.
Colen Cox, a General Foreman for the respondent in Wayne County, testified that there had been a lot of rain and flooding throughout Wayne County in the months shortly before claimant’s accident. Mr. Cox stated that the slip on County Route 7 started in December 2003. He stated that “one-lane” road signs were placed in this area along with paddles that indicated the problem with the roadway. Mr. Cox further stated that when the warning signs were placed at the scene in December 2003 there was one lane that was safe for the traveling public, but that over the course of a month the road may have slipped more causing it to be impassable. Respondent maintains that it had placed warning signs at the area of the slip on County Route 7 a month prior to claimant’s accident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had actual notice of the slide in the road which claimant’s vehicle struck and that the slide presented a hazard to the traveling public. Photographs in evidence depict the slide and provide the Court an accurate portrayal of the size and location of the problem area on County Route 7. The size of the slide leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. While respondent did place warning signs at the site, the Court is of the opinion that there was not enough done to protect the traveling public from the dangerous condition of the road. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to her vehicle. Further, the evidence established that claimant’s husband traded a vehicle for which he paid $1,200.00 to acquire the vehicle that was damaged in this incident. Claimant received $200.00 for the salvage value of the vehicle, and the Court concludes that the vehicle had depreciated in value by $200.00 at the time of the claimant’s accident. Therefore, claimant may only recover $800.00 for the vehicle along with the $100.00 she paid to *32 have her vehicle towed.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $900.00.
Award of $900.00.